UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.    **MEMORANDUM OF LAW & ORDER**
Criminal File No. 16-338 (MJD/BRT)

(3) DANA ENOCH KIDD,

    Defendant.

This matter is before the Court on Defendant Dana Enoch Kidd's Pro Se Motion to Appoint Counsel.  [Docket No. 418]

On December 27, 2017, a jury found Defendant Dana Enoch Kidd guilty of the following counts in the Second Superseding Indictment: Count 1: Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; and Count 13: Mail Fraud in violation of 18 U.S.C. §§ 2, 1341.  [Docket No. 206]  On September 25, 2018, the Court sentenced Defendant to the Bureau of Prisons for a term of 24 months, to be followed by a term of 3 years supervised release.  Restitution was imposed in the amount of $258,660.00, jointly and severally with co-Defendants.

Defendant appealed to the Eighth Circuit Court of Appeals, which affirmed his conviction.  United States v. Kidd, 963 F.3d 742, 753 (8th Cir. 2020).

Defendant has now filed a motion requesting that the Court appoint counsel to assist him in filing a motion under 28 U.S.C. § 2255.

> There is no right to counsel on habeas review.  Nevertheless, an indigent pro se litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary.  The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel.  Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.

Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (citations omitted).

Defendant has not yet filed a complaint or petition, so the Court cannot fully analyze his request.  The entirety of Defendant's motion states:

> I am asking the court to appoint counsel for Dana Kidd to help file a Writ of Habeas Corpus under 28 U.S.C. § 2255 in the matter of ineffective assistan[ce] of counsel.  The courts of appeal denied Kidd's direct [] appeal and [he] want[s] to proceed with the next process of appeal.

At this point, based on Defendant's two-sentence motion, Defendant has not met his burden of showing that his complaint will not be frivolous.  Nor can the Court conclude that appointment of counsel is necessary because Defendant

and the Court would benefit from the assistance of counsel.  Therefore, based on the current record, the Court denies Defendant's motion without prejudice.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Dana Enoch Kidd's Pro Se Motion to Appoint Counsel [Docket No. 418] is **DENIED WITHOUT PREJUDICE**.

Dated:   October 5, 2020              s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court