UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 16-338 (MJD/BRT)

(3) DANA ENOCH KIDD,

      Defendant.

David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

Dana Enoch Kidd, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Dana Enoch Kidd's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 420] and Pro Se Motion to Appoint Counsel [Docket No. 421].

## II.    BACKGROUND

On December 27, 2017, a jury found Defendant Dana Enoch Kidd guilty of the following counts in the Second Superseding Indictment: Count 1: Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; and Count 13: Mail Fraud

1

in violation of 18 U.S.C. §§ 2, 1341.  [Docket No. 206]  These convictions arose out of Defendant's conduct in acting as a runner for chiropractor Adam Burke. During the time Defendant committed the current offenses, he was on supervised release imposed by the United States District Court for the Western District of Missouri for a federal conviction for conspiracy to distribute cocaine and aiding and abetting possession with intent to distribute cocaine ("Previous Conviction").  ([Docket No. 234] PSI ¶¶ 62, 75.)

On September 25, 2018, this Court sentenced Defendant to the Bureau of Prisons for a term of 24 months, to be followed by a term of 3 years supervised release.  [Docket Nos. 306, 314]  During trial and at sentencing, Defendant was represented by defense attorney Charles L. Hawkins.

Defendant appealed to the Eighth Circuit Court of Appeals, which affirmed his conviction.  United States v. Kidd, 963 F.3d 742, 753 (8th Cir. 2020).

On October 21, 2020, Defendant filed the current § 2255 motion seeking vacation of his conviction based on three grounds: 1) defense counsel was ineffective for failing to exclude from evidence at trial a recording of Defendant's October 19, 2016, interview with Commerce Fraud Bureau Special Agent Beth Kelly; 2) defense counsel was ineffective for failing to subpoena U.S. Probation

2

Officers Quentin Billingslea and Randall Nikula to testify at trial because they would have testified that they gave Defendant permission to send referrals to Burke and law firms and approved his employment with Marketing Kidd LLC; and 3) defense counsel was ineffective because he failed to attempt to disqualify Assistant U.S. Attorney David Maria from the case because Maria was not licensed to practice law in Minnesota.

## III.  DISCUSSION

### A.  Section 2255 Standard

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.  A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.   Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

4

outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

    C.    **Recording of October 19, 2016 Interview**

Defendant asserts that defense counsel was ineffective for failing to exclude from evidence a recording of Defendant's October 19, 2016, interview with Commerce Fraud Bureau Special Agent Beth Kelly because, he claims, the recording had been tampered with and edited by the Government.

The recorded interview was marked as Government Exhibit 163 in advance of trial.  However, the Government did not offer, and the Court did not admit Government Exhibit 163 at trial.  [Docket No. 208]  The Government elicited Kidd's statements made during that interview through direct examination of Kelly.  ([Docket No. 344] Trial Tr. VII 1180-82.)  Hawkins then cross-examined Kelly about the interview and used the transcript of the interview to refresh Kelly's recollection to elicit testimony favorable to Defendant but did not seek to admit the recording or transcript of the recording into evidence.  (Id. 1125-27, 1229-38.)

The recording was not offered into evidence at trial and was not admitted into evidence at trial.  Defendant cannot show prejudice from defense counsel's failure to object to the recording.

    D.    **Failure to Call Probation Officers as Witnesses**

Defendant asserts that defense counsel was ineffective for failing to call Probation Officers Quinten Billingslea and Randy Nikula as witnesses at trial.

6

Billingslea and Randall supervised Defendant for his supervised release on the Previous Conviction. During the December 11, 2017 pretrial hearing, during which Defendant discharged his prior defense attorney and expressed his desire to go forward with Hawkins as his trial attorney, Hawkins informed the Court that he was investigating interviews with Defendant's probation officers. (Trial Tr. I 8.) He informed the Court, "If they have information that we believe is beneficial, we'll have the time to subpoena them, have them here to testify in defendant's case." (Id.) Ultimately, defense counsel did not subpoena the probation officers to testify at trial.

Defendant argues that, if his supervising probation officers had been subpoenaed to testify at trial, they would have testified that the U.S. Probation and Pretrial Services Office gave Defendant "permission to send referrals to Adam Burke and law firms" and approved Marketing Kidd LLC as his employment. (§ 2255 Motion at 5.) In Defendant's Reply, he admits that Hawkins sent an investigator to interview Billingslea but asserts that the investigator only spoke briefly to Billingslea because Billingslea "cut the conversation short." (Reply at 4.) Defendant also claims that Hawkins told him that Nikula did not speak to the investigator. (Id.) Defendant argues that

7

Hawkins made a tactical decision to not subpoena the probation officers to testify because he did not want the jury to know that Defendant was a felon and did not "know what [the] probation officers would testify to." (Id. at 5.)

The Government submits an affidavit from Hawkins, in which Hawkins avers that he had an investigator interview the probation officers. (Hawkins Aff. ¶ 3.) The investigator's interview with Billingslea convinced Hawkins that Billingslea would not be a helpful defense witness, because Billingslea told the investigator that 1) Defendant did not inform him that he was acting as a runner for Burke and 2) neither Billingslea nor Nikula had granted Defendant permission to recruit patients for a fee for Burke or any other chiropractor or personal injury attorney and they would not have done so. (Id. ¶ 4.) Nikula stated that, to his knowledge at the time, Marketing Kidd LLC provided only legitimate marketing services. (Id.) Hawkins concluded that, if the probation officers were called to testify, their testimony would not establish that Defendant had permission to engage in the acts alleged in the Second Superseding Indictment and, also, would establish that Defendant had not been forthcoming with his probation officers about the true nature of his business arrangement with Burke. (Id. ¶ 5.)

8

"Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight." Fretwell v. Norris, 133 F.3d 621, 627 (8th Cir. 1998) (citation omitted). Here, Defendant admits that defense counsel did investigate his probation officers, sending an investigator to interview them. Defendant further admits that defense counsel made a strategic decision, based on the result of the interview with Billingslea, not to call his probation officers as witnesses based on the potential prejudice from their testimony. According to Defendant, Billingslea cut the conversation with the defense investigator short and provided no exculpatory information. Thus, even ignoring Hawkins' affidavit and accepting Defendant's claims, which are without evidentiary support, counsel's decision not to call these witnesses was a strategic decision made after investigation that falls within the wide ambit of reasonable professional conduct and should not be second-guessed. See, e.g., Strickland v. Washington, 466 U.S. 668, 690 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

    **E.**    **Licensure of Assistant U.S. Attorney David Maria**

Defendant asserts that defense counsel was ineffective for failing to request disqualification of Assistant United States Attorney David Maria, who

tried Defendant's case along with Assistant United States Attorney John Kokkinen, because Defendant found out after his trial that Maria was not licensed in Minnesota. Defendant claims that he has "factual evidence from a legitimate and respectable source that AUSA Maria is not license[d] to practice in the state of Minnesota and nor is he admitted to practice before the District of Minnesota." (Reply at 5.)

The Government admits that, at the time of Defendant's trial, Maria was licensed to practice law in the District of Columbia and not the State of Minnesota but argues that he was an authorized Assistant United States Attorney in the United States Attorneys' Office for the District of Minnesota and was presumably admitted to practice before the Court under Local Rule 83.5(e)(1).

First, the District of Minnesota's publicly available attorney admission records confirm that Maria was admitted to practice in the District of Minnesota on February 24, 2016. See https://ecf.mnd.uscourts.gov/cgi-bin/BarLookup.pl?formprid=4960620 (last visited Mar. 8, 2021). Thus, public records show that Maria was licensed to practice in the District of Minnesota during the time he prosecuted Defendant's case. Whether or not Maria was

licensed to practice in Minnesota state court by the State of Minnesota is irrelevant.

Second, "even if taken at face value, the defendant's assertion would not warrant relief. Even an unauthorized appearance on behalf of the government does not deprive the Court of jurisdiction over criminal proceedings." United States v. Whitlow, No. 4:14-CR-3015, 2016 WL 6088280, at *3 (D. Neb. Oct. 18, 2016) (gathering cases). Here, Maria was an authorized Assistant United States Attorney, acting at all times under the supervision, direction, and authority of either United States Attorney Andrew Luger or United States Attorney Gregory Brooker; who prosecuted the case in conjunction with authorized Assistant United States Attorney Kokkinen. Therefore, the Court concludes that Defendant cannot show prejudice from defense counsel's failure to raise the issue of Maria's licensure.

### F. Request for an Evidentiary Hearing

Overall, Defendant has failed to set forth an allegation that would entitle him to an evidentiary hearing. Based on the record and Defendant's own claims, there is no basis to find that Defendant's counsel was ineffective. Defendant's habeas petition is denied.

### G. Request for Appointment of Counsel

11

Defendant has filed a motion requesting that the Court appoint counsel to assist him in pursuing his motion under 28 U.S.C. § 2255.

> There is no right to counsel on habeas review. Nevertheless, an indigent pro se litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary. The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel. Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.

Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (citations omitted).

The Court concludes that, in this case, appointment of counsel is not necessary. Defendant asserted three clear bases for his habeas claim. All three claims are straightforward and can be addressed based on the record without the need to investigate outside facts or address conflicting testimony.

### H. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the

merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Dana Enoch Kidd's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 420] is **DENIED**.

2. Defendant's Pro Se Motion to Appoint Counsel [Docket No 421] is **DENIED**.

3. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 9, 2021　　　　　　　s/Michael J. Davis
　　　　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　　　　United States District Court